# Pittsburgh Crucible Steel Company, Appellant, *v.* Pennsylvania Company.

*Railroads — Contract — Sidings — Charge for cars transported over a siding—Construction of written contract.*

In an action by a steel company against a railroad company to recover a charge of one dollar per car on a large number of "loaded cars" transported over a siding of plaintiff known as siding "A," it appeared that the claim was based on a written contract, and not on a quantum meruit. At the date of the contract the railroad company contemplated building certain new sidings to join with siding "A" all to be used in connection with a new freight station. Neither new sidings nor freight station had been constructed at the time suit was brought. The contract provided that "the steel company hereby grants to the railway company the right to transport over siding "A" cars consigned to or from the proposed freight station and to or from any industry now or hereafter to be located on property now or hereafter owned by the steel company. For each loaded car not engaged in the business of the steel company transported over siding "A" excepting cars containing carload shipments consigned to or from said freight station, or for station team track delivery, the railway company agrees to pay the steel company the sum of one dollar, for such privilege." The contract immediately thereafter referred to certain other classes of cars which were not to be charged for. *Held:*

(a) That since the "loaded" cars in question were not "consigned to or from said proposed station" or "to or from any industry......located on property......owned by the steel company," they were not comprehended by the contract in suit, and hence no recovery could be had in the present suit.

(b) That the subsequent special reference to certain classes of cars, meant that, even if such cars happened to fall within the first mentioned kinds, no charge could be made in connection with their transportation.

Argued October 3, 1919. Appeal, No. 123, Oct. T., 1919, by plaintiff, from judgment of C. P. Beaver Co., Sept. T., 1914, No. 180, for defendant on case tried by the court without a jury in suit of Pittsburgh Crucible Steel Co. v. Pennsylvania Company, operating the Cleve-

land & Pittsburgh Railroad.   Before STEWART, MOSCH-
ZISKER, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Assumpsit on a written contract.

By agreement the case was tried by BALDWIN, P. J.,
without a jury.   Judgment was entered for defendant.
Plaintiff appealed.

*Error assigned* was the judgment of the court.

*F. G. Moorhead,* with him *John G. Marshall,* for ap-
pellant.

*Wm. A. McConnell,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5,
1920:

This case was tried by the court below without a jury;
judgment being entered on a verdict for defendant,
plaintiff appealed.

Prior to December 28, 1908, the Pennsylvania Com-
pany and the Midland Steel Company constructed a sid-
ing from a point near the Midland station of the former
corporation, by a circuitous route, to the plant of the
latter company; this siding, which we shall hereinafter
designate as siding "A," was over a mile long and con-
nected with certain private sidings of the Pennsylvania
Company, the Midland Company and other industries;
the railway company desired to construct certain new
sidings, one called "B," and to join them with the old
siding "A," all to be used in connection with a new
freight station, the erection of which was also contem-
plated, when, "in the judgment of the parties" to the
contract, such station might become necessary; in order
to provide, inter alia., for the use of these several sidings,
the two corporations named, on the date mentioned at
the head of this paragraph, entered into a written agree-
ment, which forms the basis of the present action; up to

the time of bringing suit, however, neither the freight station nor the new sidings had been constructed.

The contract provides, by section 8: "The steel company hereby grants to the railway company the right to transport over said siding 'A' cars consigned to or from said proposed freight station, and to or from any industry now or hereafter to be located on property now or hereafter owned by the steel company. For each loaded car, not engaged in the business of the steel company, so transported over siding 'A,' excepting cars containing carload and less than carload shipments consigned to or from said freight station or for station team track delivery, the railway company agrees to pay the steel company the sum of one dollar for such privilege; no charge shall be made for handling over said track empty cars, or cars used for the business of the steel company, or cars containing carload and less than carload shipments consigned to or from said freight station or for station team track delivery. The steel company further grants to the railway company the exclusive use of that portion of said siding 'B' to be constructed and owned by said steel company, and also the right to use the other sidings of said steel company, so far as is necessary for the handling of said railway company's freight house and team track business."

On March 1, 1911, the contract was assigned by the Midland Steel Company to the Pittsburgh Crucible Steel Company, which latter corporation, on July 1, 1914, sued thereunder to recover for "loaded cars" transported by defendant over siding "A," between March 1, 1911, and December 28, 1913, first 1,577, and next 5,383 cars, at the agreed rate of $1 each.

Defendant contended that, since the cars in question were not "consigned to or from said proposed station" or "to or from any industry......located on property ......owned by the Steel Company," they were not comprehended by the contract in suit, and hence no recovery

could be had in the present action; plaintiff, of course, maintained the contrary.

The court below, after first deciding for plaintiff, reversed itself, on exceptions, and determined, inter alia, that "the contract does not give the railway company the broad right to transport over siding 'A' cars consigned to any person whatsoever, and provide payment for all those not exempted in any of the ways specified; on the contrary, it limits the right to [certain designated classes], and compensation cannot be claimed, under the contract, except for cars transported thereunder and not exempted thereby."

We are not convinced of error in the construction finally adopted. Any right of recovery which plaintiff has in connection with the transportation of the cars in question must be found in section 8 of the written agreement. The phrase, "so transported over said siding," is correctly viewed by the court below to mean transported under consignment either "to or from said proposed freight station" or "to or from any industry......located on property......owned by the steel company." The subsequent special reference to certain classes of cars which are not to be charged for, means that, even if such cars happen to fall within the first mentioned kinds, no charge can be made in connection with their transportation.

In conclusion, there is no claim here upon a quantum meruit; the suit is to recover a fixed sum under a written contract, and that is all with which we are at present concerned.

The assignments of error are overruled and the judgment is affirmed.